IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE JOSE TORRES,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-12-2323 |
| CITY OF HOUSTON and<br>LAUREN BARD,<br>    Defendants. | §<br>§<br>§<br>§ | |

## MEMORANDUM AND ORDER

This case is before the Court on a Motion to Dismiss [Doc. # 4] filed by Defendant Lauren Bard and a Motion to Dismiss [Doc. # 5] filed by Defendant City of Houston. Plaintiff Jose Jose Torres filed a single Response [Doc. # 8] addressing both Motions. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motions, but grants Plaintiff leave to file an amended complaint as set forth herein.

## I. BACKGROUND

Plaintiff alleges that in July 2010, a 14-year old girl reported to police that she was awakened to find a man standing over her. The girl reported that the man had a knife and a screwdriver, with which he threatened her, and that he sexually assaulted her. The girl told the police officer who responded to the family's 911 call that she could not identify the attacker because it "was too dark."

Plaintiff alleges that the case was assigned to Houston Police Officer "N.R. Barnes" with the juvenile sex unit. *See* Original Complaint [Doc. # 1], ¶ 12. Plaintiff alleges that, a few days later, the girl reported to Officer Barnes that she believed the attacker was "the cable guy." Plaintiff had visited the girl's home before the attack soliciting cable business. Plaintiff admitted to Officer Barnes that he had visited the girl's home, but disputed that he had been inside the house.

Plaintiff was arrested in February 2011. The probable cause affidavit was based on the statements given by the victim and her mother, including the statement that Plaintiff had been inside the house prior to the attack.

The case was assigned for prosecution to Assistant District Attorney ("ADA") Lauren Bard, who presented the case to a grand jury and obtained an indictment against Plaintiff. The victim's mother recanted her statement that Plaintiff had been inside the house, and a new ADA was assigned to the case. The new ADA dismissed the charges against Plaintiff.

Plaintiff filed this lawsuit against Defendants City of Houston and ADA Bard, alleging federal claims under 42 U.S.C. § 1983 and § 1985.[1] Plaintiff asserts a variety

---

[1]    In the Original Complaint, Plaintiff states that venue is proper in the Brownsville Division of the Southern District of Texas and includes a section entitled "42 U.S.C. § 1983: Claims Against Willacy County." It appears these are typographical errors. Venue is clearly proper in the Houston Division in this case against the City of Houston, and there are no factual allegations that would support a § 1983 claim against Willacy County.

of state law causes of action including "false imprisonment and official oppression," assault, intentional infliction of emotional distress, malicious prosecution, and defamation. Defendants Bard and the City of Houston each filed a Motion to Dismiss, to which Plaintiff filed a Response. The Motions to Dismiss are now ripe for decision.

## II.     MOTION TO DISMISS BY LAUREN BARD

Plaintiff alleges that his case was assigned to ADA Bard, who presented the case to a grand jury and obtained an indictment. Plaintiff alleges that Bard failed to present evidence to the grand jury that would have exonerated him. Bard has moved to dismiss the claims against her on the basis of absolute immunity.

"A prosecutor is absolutely immune from suit when she acts in her role as an advocate for the state by initiating and pursuing prosecution." *Beck v. Tex. State Bd. of Dental Exam'rs,* 204 F.3d 629, 637 (5th Cir. 2000). This absolute immunity extends to a "prosecutor's conduct before a grand jury." *Burns v. Reed,* 500 U.S. 478, 490 (1991). Moreover, a prosecutor's absolute immunity extends to prosecutorial conduct even when done in error, wantonly, or maliciously. *See Harrell v. Rosenthal*, 2008 WL 4649067, *1 (5th Cir. Oct. 21, 2008) (quoting *Kerr v. Lyford,* 171 F.3d 330, 337 (5th Cir. 1999)); *see also Morrison v. City of Baton Rouge,* 761 F.2d 242, 248 (5th Cir. 1985)).

Although Plaintiff challenges Bard's prosecutorial decisions and conduct before the grand jury, he does not allege that Bard's conduct was outside her role as an ADA, seeking indictments by presenting cases to a grand jury. As a result, Bard is entitled to absolute immunity for her prosecutorial decisions and conduct, even if allegedly erroneous or malicious. Bard's Motion to Dismiss is granted and the claims against her are dismissed with prejudice.

### III.   MOTION TO DISMISS BY CITY OF HOUSTON

#### A.   Claims Against "N.R. Barn"

It is unclear whether Plaintiff is asserting claims against "N.R. Barn." In the caption of the Original Petition, Plaintiff names only City of Houston and Lauren Bard as Defendants. In the "Defendants" section, however, Plaintiff names "N.R. Barn" as a Houston Police Officer. In the "Facts" section, Plaintiff identifies "N.R. Barnes" as the juvenile sex unit officer to whom the investigation of this case was assigned. Neither "N.R. Barn" nor "N.R. Barnes" is named in any of the causes of action, which are asserted generally against "Defendants." Therefore, it does not appear that Plaintiff has sued "N.R. Barn" or "N.R. Barnes" as a named Defendant.

To the extent Plaintiff intended to sue either "N.R. Barn" or "N.R. Barnes" as a Houston Police Officer, his lawsuit against the City of Houston operates as an election to pursue his tort claims against the City rather than against the officer. *See*

TEX. CIV. PRAC. & REM. CODE § 101.106(a) and (b); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *Hintz v. Lally*, 305 S.W.3d 761, 769 (Tex. App. – Houston [14th Dist.] 2010, no pet.). The City of Houston raised this statutory election in its Motion to Dismiss, and Plaintiff's Response did not address the issue. Pursuant to § 101.106, any state law claims against "N.R. Barn" or "N.R. Barnes" are dismissed.

Claims under § 1983 and § 1985 are not subject to the statutory election. *See Whitesell v. Newsome*, 138 S.W.3d 393, 396 (Tex. App. – Houston [14th Dist.] 2004, pet. denied). As explained below, Plaintiff's allegations negate a claim under § 1985(2) and/or § 1985(3). Plaintiff may, however, attempt to assert a § 1983 claim against the correctly-named police officer in her individual capacity within the parameters set forth herein.

### B. State Law Claims Against City of Houston

The City of Houston seeks dismissal of Plaintiff's state law claims on the basis of its governmental immunity. The City of Houston enjoys governmental immunity from suit in the performance of governmental functions unless the immunity has been waived by the Legislature. *See* TEX. GOV'T CODE § 311.034; *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007); *Tooke v. City of Mexia*, 197 S.W.3d 325, 343-44 (Tex. 2006). Police protection is a statutorily defined governmental function.

TEX. CIV. PRAC. & REM. CODE § 101-0215(a)(1). Additionally, all activities associated with police protection are governmental. *See Ethio Express Shuttle Serv., Inc. v. City of Houston*, 164 S.W.3d 751, 756 (Tex. App. – Houston [14th Dist.] 2004, no pet.). The City of Houston has not waived its governmental immunity for claims such as assault, false imprisonment or any other intentional tort. *See* TEX. CIV. PRAC. & REM. CODE § 101.057; *Ethio*, 164 S.W.3d at 758. As a result, the state law claims against the City of Houston are dismissed.

### C. Federal Claims Against City of Houston

Plaintiff asserts constitutional claims against the City of Houston pursuant to 42 U.S.C. § 1983 and 1985, and seeks damages including punitive damages. It is clearly established that municipalities such as the City of Houston are immune from punitive damages under § 1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Webster v. City of Houston*, 735 F.2d 838, 860 n.52 (5th Cir. 1984); *Roemer v. City of Houston*, 2010 WL 3505156, *6 (S.D. Tex. Sept. 3, 2010).

*Section 1983* – Plaintiff has failed to state a viable § 1983 claim against the City of Houston. Under *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978), and its progeny, the fact that a plaintiff's constitutional rights may have been violated is not enough to impose liability on a municipality. Instead, to impose liability on a municipality under § 1983 for the misconduct of its

employee, a plaintiff must show not only a constitutional violation, but also that an official policy promulgated by the municipality's official policymaker was the cause of the constitutional injury. *See James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009). Official policy can exist in the form of "written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* Plaintiff in this case does not allege an official policy adopted by the City of Houston's policymaker, or that the City of Houston has a persistent and widespread practice of knowingly making false accusations against individuals. Consequently, Plaintiff has failed to state a claim of municipal liability under § 1983.

Plaintiff has also failed to state a viable § 1983 claim against the City of Houston based on a ratification theory. Under the ratification theory, if "the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). To state a § 1983 claim based on ratification, the plaintiff must allege that a city policymaker affirmatively approved both a subordinate's decision **and** the unconstitutional basis for it. *World Wide St. Preachers Fellowship v. Town of Columbia,* 591 F.3d 747, 755–56 (5th Cir. 2009). Plaintiff alleges that the police officer brought false accusations against him and that, "[b]y taking no action,

the City of Houston ratified the officer's actions." *See* Original Complaint [Doc. # 1], ¶ 36. This allegation of inaction is inconsistent with and negates any contention that the official policymaker for the City of Houston *affirmatively* ratified any police officer's unconstitutional violation of Plaintiff's rights by asserting false accusations against him. As a result, the § 1983 claim based on ratification is dismissed.

*Section 1985* – Plaintiff has failed to state a viable claim against the City of Houston under § 1985. Title 42, United States Code, § 1985 prohibits three forms of conspiracy to interfere with civil rights. Plaintiff does not identify the subsection under which he asserts his § 1985 claim.

Subsection (1) prohibits conspiracies to prevent federal officers from performing their official duties "by force, intimidation, or threat." 42 U.S.C. § 1985(1). There are no allegations in Plaintiff's Complaint that would support a claim under § 1985(1).

The first part of subsection (2) prohibits conspiracies directed at the right to participate in federal judicial proceedings. 42 U.S.C. § 1985(2). Plaintiff's allegations all involve state, not federal, judicial proceedings. The second part of § 1985(2) applies to state court proceedings, but prohibits only conspiracies to deny any citizen equal protection of the laws. *Id.*

The first part of subsection (3) prohibits conspiracies to deprive "any person or class of persons the equal protection of the laws." 42 U.S.C. § 1985(3). The second part of subsection (3) prohibits conspiracies aimed at preventing a person from voting. *Id.* There are no allegations in the Complaint regarding Plaintiff being deprived of his right to vote.

To the extent Plaintiff bases his § 1985 claim on the second part of § 1985(2) or the first part of § 1985(3), he fails to state a claim under either section because he has not alleged a conspiracy involving race or other class-based discrimination. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Brandt v. Smith*, 634 F.2d 796, 800 (5th Cir. 1981); *Magic Carpet Limousines v. DFW Int'l Airport*, 72 F. App'x 1001, 1002 (5th Cir. Aug. 22, 2003). Indeed, Plaintiff alleges instead that the sole motivation for the alleged conspiracy was to have him arrested and humiliated publicly. Plaintiff has failed to state a claim under § 1985 against any defendant.

## IV.  LEAVE TO AMEND

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Leave to replead should be permitted "unless the defect is simply incurable or the plaintiff has failed to plead with particularity after

repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n.6 (5th Cir.2000).

In this case, Plaintiff's claims against Lauren Bard are barred by absolute prosecutorial immunity and repleading those claims would be futile. Any state law claims Plaintiff intends to assert against "N.R. Barn" or "N.R. Barnes" are barred by the statutory election pursuant to Texas law. As explained herein, Plaintiff's claims under § 1985, and the claims under § 1983 based on ratification, have been dismissed based on defects that are incurable because Plaintiff has alleged facts that negate these claims. Plaintiff's state law claims and claim for punitive damages against the City of Houston are clearly barred and any attempt to replead these claims would be futile.

The Court concludes, however, that Plaintiff should be given an opportunity to attempt to assert a § 1983 claim against the City of Houston based on an official policy of intentionally making false allegations leading to criminal prosecution, and/or to assert a § 1983 claim against the police officer in her individual capacity. Plaintiff must plead specific facts, rather than assert general allegations. *See Spiller v. City of Texas City Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . .

cannot be conclusory; it must contain specific facts."). Additionally, Plaintiff may not allege facts for which he has no good faith basis. *See* FED. R. CIV. P. 11(b).

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Defendant Lauren Bard has absolute immunity from the claims asserted against her in Plaintiff's Original Complaint. To the extent Plaintiff intended to include "N.R. Barn" as a defendant, Plaintiff has sued the City of Houston and that election requires dismissal of any state law claims against "N.R. Barn." The City of Houston has governmental immunity from the state law claims, and it is immune from punitive damages. Plaintiff has alleged facts that negate his § 1985 claim and his § 1983 claim against the City of Houston based on ratification. Accordingly, it is hereby

**ORDERED** that Defendant Lauren Bard's Motion to Dismiss [Doc. # 4] is **GRANTED** and the claims against her are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that Defendant City of Houston's Motion to Dismiss [Doc. # 5] is **GRANTED** to the extent that the state law claims, the § 1985 claim, the § 1983 claim based on ratification, and the claim for punitive damages against it are **DISMISSED**. It is further

**ORDERED** that any claims that may be asserted against "N.R. Barn" or "N.R. Barnes" are **DISMISSED**.  It is further

**ORDERED** that Plaintiff shall file an Amended Complaint against only the City of Houston and/or the police officer individually, and asserting only a claim under § 1983, by **January 14, 2013**.  Plaintiff's Amended Complaint must contain factual allegations in support of his § 1983 claim and may not be based on conclusory allegations that merely track the legal requirements for a § 1983 claim.  Additionally, Plaintiff is cautioned that the Amended Complaint must comply with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  <u>Failure to file a proper amended complaint by the January 14, 2013 deadline will result in dismissal of this lawsuit for failure to prosecute and for failure violation of this Order</u>.  It is further

**ORDERED** that the initial pretrial conference is rescheduled to **January 28, 2013, at 1:00 p.m.**

SIGNED at Houston, Texas, this **14th** day of **December, 2012**.

_____
Nancy F. Atlas
United States District Judge